# IMPORTANT NOTICE

## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

## 2005-SC-0829-WC

DATE 6-8-06 E. A Grout, D.C.

STEVE HEIL                                                          APPELLANT

V.
APPEAL FROM COURT OF APPEALS
2004-CA-1817-WC
WORKERS' COMPENSATION NO. 94-07756

WINN-DIXIE; HON. DONALD SMITH,
ADMINISTRATIVE LAW JUDGE; HON.
MARCEL SMITH, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION FUNDS, SUCCESSOR
TO SPECIAL FUND; AND WORKERS'
COMPENSATION BOARD                                                 APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

In a reopening of the claimant's partial disability award, an Administrative Law Judge (ALJ) granted him a period of temporary total disability (TTD) benefits. His subsequent petition for reconsideration, motion to reconsider the order denying reconsideration, and a second motion to reopen were denied. The Workers' Compensation Board (Board) and the Court of Appeals affirmed, rejecting arguments that the ALJ erred in the first reopening by failing to designate the TTD award as being interlocutory and also erred by failing to grant the second motion to reopen. We affirm.

The claimant was born in 1958 and had a history of employment as a mechanic, truck driver, railroad and warehouse worker, grocery store checker, and construction

worker. On February 11, 1994, he sustained back and groin injuries while working for the defendant-employer as a truck driver. He underwent surgery at L4-5 and L5-S1. An ALJ awarded TTD benefits through June 20, 1995, followed by benefits for a 75% permanent partial disability for 425 weeks from June 21, 1995.

The claimant recovered from his injury and returned to work for several different employers, primarily as a truck driver. He began to experience symptoms in mid-2002 and was diagnosed with a ruptured disc. Although a laminectomy and two-level fusion were recommended, he did not wish to undergo either. He testified that he could not continue working after October 22, 2002. On March 17, 2003, he moved to reopen, alleging that he was more disabled than at the time of the award and that there was a medical fee dispute. He testified that he continued to receive medical treatment and could not return to his past work due to low back pain that radiated into the left groin and leg and also to numbness and weakness in the leg. He requested an award of interlocutory TTD and medical benefits and the reservation of all other issues until after he reached maximum medical improvement (MMI).

The claimant's medical evidence consisted of reports and off-work slips. Dr. Majid examined the claimant on April 22, 2003. He recommended conservative treatment as well as activity modification but indicated that surgery might be necessary if the pain worsened.

Dr. Petruska noted that further surgery might leave the claimant with more debilitating back pain and fail to relieve the radicular complaints. He recommended epidural blocks as well as weight loss and referred the claimant to a specialist in rehabilitation medicine, all with the goal of avoiding surgery. He kept the claimant off work until May 14, 2003.

-2-

Dr. Williams began treating the claimant on May 14, 2003, initially restricting him from work until August 11, 2003. On that date, Dr. Williams amended the restriction to reflect a return to work date of December 1, 2003.

Dr. Goldman performed an IME on July 15, 2003, and concluded that the claimant had no more restrictions or limitations than he had in 1995 or 1996. In his opinion, the claimant could drive for two to two and one-half hours at a time with adequate rest or an ability to change positions. Moreover, it would not affect his symptoms any more than sitting at home. Dr. Goldman recommended weight reduction, exercises to strengthen the back and abdominal muscles, and the use of non-steroidal anti-inflammatory medication.

In a decision rendered on November 10, 2003, an ALJ determined that although KRS 342.125(8)'s four-year period of limitations barred reopening for additional permanent income benefits, KRS 342.125(3) permitted post-award TTD and medical benefits to be considered for the duration of the award. Based on the claimant's evidence, the ALJ awarded TTD benefits from October 22, 2002 through December 1, 2003, noting that this intervening period of TTD extended the duration of the claimant's partial disability award.[1] The ALJ also awarded medical benefits, specifically to include the recommended epidural blocks and possibly surgery.

On November 14, 2003, the claimant filed a petition for reconsideration. He asserted that he had not been found to be at MMI and that the duration of TTD might extend beyond December 1, 2003. On that basis, he requested that the award be amended to indicate that TTD was interlocutory, i.e., open-ended or for an indefinite

---

1 The claimant's partial disability award extended for 425 weeks from June 21, 1995. Therefore, it would have expired in August, 2003, absent an intervening period of TTD.

rather than a designated period.

The ALJ denied the petition on December 2, 2003, noting that KRS 342.125(3) permits a reopening for the payment of TTD during the period of an award. The order explained that although Drs. Petruska and Williams took the claimant off work until December 1, 2003, the record contained no evidence of TTD beyond that date. Therefore, there was no open-ended award of TTD in the form of interlocutory relief as the claimant suggested.

On December 16, 2003, the claimant filed a pleading styled as a "PETITION FOR RECONSIDERATION OF ORDER OF DECEMBER 2, 2003," again requesting that his TTD award be designated as interlocutory. Attached to the document was an off-work slip, dated November 24, 2003, which indicated that the claimant was restricted from working until February 23, 2004. The employer objected to the submission of evidence not of record. On December 29, 2003, the claimant filed a notice of appeal. The ALJ denied the pleading on December 31, 2003.

On December 24, 2003, the claimant filed a second motion to reopen, asserting that his condition had gradually worsened since the initial award and that he had greater temporary or permanent disability. He also asserted that he continued to be temporarily totally disabled, that his continuous change of condition warranted reopening, and that the employer refused to authorize or pay for additional medical treatment. He supported the motion with affidavits from himself and his attorney; a copy of the aforementioned off-work slip; copies of a co-pay receipt and off-work slip from Dr. Rouben for an indefinite period from December 10, 2003, until "pending surgery;" and a copy of a card noting an appointment with Dr. Rouben for February 12, 2004. An ALJ considered the motion, found no indication that the claimant's condition

-4-

had changed since the matter was last litigated, and denied it; whereupon, the claimant appealed. The Board consolidated the appeal with the appeal regarding the previous reopening. It later affirmed in both instances as did the Court of Appeals.

The claimant argues that the initial reopening was decided before he was found to be at MMI and that, after the award was rendered, Dr. Williams took him off work again from November 24, 2003, until February 24, 2004. Moreover, the period of TTD would be even longer if surgery were performed. The claimant asserts that he was entitled to either: 1.) an open-ended TTD award in the initial reopening (i.e., the ALJ erred in terminating TTD on December 1, 2003); or 2.) a new TTD award in the second reopening because the finding of TTD until December 1, 2003, was final under the doctrine of res judicata.

In the initial reopening, it was the claimant's burden to prove that he was entitled to interlocutory TTD benefits. The ALJ determined that the evidence supported no more than an award that ended on December 1, 2003. Therefore, the claimant's burden on appeal is to show that the favorable evidence was so overwhelming that it compelled an open-ended award as a matter of law. Special Fund v. Francis, 708 S.W.2d 641, 643 (Ky. 1986).

KRS 342.125(8)'s four-year period of limitations expired long before the claimant filed his initial motion to reopen. Although he could no longer receive additional benefits for a permanent change of condition, KRS 342.125(3) permitted him to reopen for TTD and medical benefits, which he did. Although it was the claimant's burden to prove the duration of TTD, he submitted only the off-work slips from Drs. Petruska and Williams, which indicated that he could not work through December 1, 2003. Only the last off-work slip even implied that he would become less than totally disabled at some

-5-

future date, i.e., that his total disability was only temporary. Therfore, the evidence supported the award but did not compel an award beyond December 1, 2003.

The claimant's burden in the second reopening was to show 1.) that his condition worsened between the decision rendered on November 10, 2003, and the date he filed his second motion to reopen, which was December 24, 2003; and 2.) that he was temporarily totally disabled. Having failed to convince the ALJ that he demonstrated a change in condition, his burden on appeal is to show that the favorable evidence was overwhelming and compelled a favorable finding. Special Fund v. Francis, supra.

In the initial reopening, the ALJ stated clearly that the evidence the claimant submitted did not support TTD after December 1, 2003. The ALJ did not determine that the claimant's disability would be less than total as of December 2, 2003, and did not enter an interlocutory award. In fact, when denying his petition for reconsideration, the ALJ refused to enter an open-ended award. In the second reopening, the claimant submitted an off-work slip from Dr. Williams for the period from November 24, 2003, to February 23, 2004. Another off-work slip from Dr. Rouben covered an indefinite period that began on December 10, 2003. Considered together with the off-work slips submitted in the initial reopening, they indicated that the claimant was totally disabled continuously from the date of the initial motion to reopen and would continue to be totally disabled for the indefinite future. Under the circumstances, the evidence did not compel the ALJ to conclude that the claimant suffered a change of condition after December 1, 2003, or that his present disability was only temporary.

The decision of the Court of Appeals is affirmed.

All concur.

COUNSEL FOR APPELLANT:

Wayne C. Daub
730 West Main Street, Suite 200
Louisville, Kentucky 40202

COUNSEL FOR APPELLEE,
WINN-DIXIE:

Allan Weiss
Ferreri & Fogle
333 Guthrie Green, Suite 203
Louisville, Kentucky 40202

COUNSEL FOR APPELLEE,
WORKERS' COMPENSATION FUND:

Robert L. Whittaker
Attorney for Workers'
Compensation Funds
1047 US Hwy. 127 S Suite 4
Frankfort, Kentucky 40601